MEMORANDUM **
In these consolidated petitions for review, Anand Krishna Goundar, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals’ (“BIA”) orders dismissing his appeal from an immigration judge’s decision denying his application for asylum (No. 03-74074); denying his motion to reopen proceedings to adjust status (No. 04-70930); denying his motion to reconsider (No. 04-73158); and denying a motion to reopen for changed country conditions (No. 07-71611). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), and we review for abuse of discretion the denial of a motion to reopen or reconsider, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review in No. 03-74074, we deny the petitions for review in 04-70930 and 04-73158, and deny the petition for review in No. 07-71611.
Goundar’s motion to accept the new brief in its entirety is denied. The brief filed on October 11, 2007 is considered only to the extent it addresses Petition No. 07-71611. To the extent he raises new claims regarding the earlier petitions, they are not considered.
In petition No. 03-74074, Goundar sought asylum on account of attacks he suffered at the hands of native Fijians arising from disputes with his ex-wife. Substantial evidence supports the BIA’s finding that the attacks were a purely personal dispute. See Molina-Morales v. INS, 237 F.3d 1048, 1050 (9th Cir.2001) (excluding purely personal retribution from the ambit of protection).
Goundar does not raise any challenge to the denial of his withholding of removal claim in his opening brief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not raised in opening brief are deemed waived). We lack jurisdiction to review Goundar’s contentions regarding CAT relief because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
In petition No. 04-70930, the BIA acted within its discretion in denying Goundar’s first motion to reopen, because the motion was opposed by the government and Goundar did not present an approved visa petition. See INS v. Abudu, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); see also In re Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002).
In petition No. 04-73158, the BIA was within its discretion in denying Goundar’s motion to reconsider because the motion failed to identify any error of fact or law in the BIA’s prior decision. See 8 C.F.R. § 1003.2(b)(1); Socop-Gonzalez v. INS, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).
In petition No. 07-71611, the BIA did not abuse its discretion in denying *576 Goundar’s motion to reopen because the motion was supported only by general articles related to political unrest in Fiji and provided insufficient information relating specifically to Goundar. See Konstantinova v. INS, 195 F.3d 528, 530 (9th Cir.1999) (holding that evidence introduced in support of motion to reopen was “too general” to demonstrate well-founded fear of future persecution).
PETITION FOR REVIEW in No. 03-74074 DENIED in part and DISMISSED in part;
PETITION FOR REVIEW in No. 04-70930 DENIED;
PETITION FOR REVIEW in No. 04-73158 DENIED;
PETITION FOR REVIEW in No. 07-71611 DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.